ALDEN E. VILES & another *vs.* JOEL W. HARRIS & another.

Worcester.    Oct. 6, 1880. — Feb. 21, 1881.    COLT & MORTON, JJ., absent.

A. made a mortgage to B. to secure a sum then due and future advancements; and afterwards commenced proceedings in insolvency, at which time there was due under the mortgage a certain sum.  Prior to the insolvency, B. procured certain notes, given by A. to him for advances under and secured by the mortgage, to be discounted by C., and indorsed the notes, but did not assign the mortgage, to C.; and, at the time of A.'s insolvency, C. owned the notes, which constituted a certain portion of the debt secured by the mortgage.  At a meeting of A.'s creditors, the notes were proved by C.  The assignee in insolvency advertised for sale the right in equity to redeem the mortgaged estate from the mortgage, representing that there was due thereon the sum which was due at the time of insolvency, which sum the assignee knew before the sale included the amount of the notes; and sold the same to B. for a certain sum.  At another meeting of the creditors, the assignee presented his account, setting forth the sale, charging himself with the sum received from B., and charging, as a loss upon the property by reason of the mortgage, the difference between that sum and the appraised value of the property; and this account was allowed

by the court. *Held,* on a petition to set aside the decree allowing the account, that C. was entitled to prove the notes against A.'s estate in insolvency, without first having recourse to B., who was also entitled to hold his mortgage as security against his liability as indorser on the notes; and that the assignee was not chargeable with the amount of the notes.

PETITION in equity, under the Gen. Sts. *c.* 118, § 16, by creditors of Rolfe Eldredge, an insolvent debtor, against Joel W. Harris, the assignee of the insolvent, and Amariah A. Taft, the owner of a mortgage upon the insolvent's estate, to set aside a decree of the Court of Insolvency allowing the account of the assignee.

The case was heard by *Ames,* J., and reserved for the consideration of the full court upon the following facts:

On May 16, 1876, Eldredge executed the mortgage to Taft to secure certain sums then due, and future advancements. On March 27, 1879, Eldredge commenced proceedings in insolvency; and at that time there had been advanced, and was then due under the mortgage, the sum of $49,254.93. Prior to the insolvency of Eldredge, Taft had procured certain notes, given by Eldredge to him for advances under and secured by the mortgage, to be discounted by the Milford National Bank and by Alvan G. Underwood, and indorsed the notes, but made no assignment of the mortgage to the bank and Underwood; and, at the date of Eldredge's insolvency, the bank and Underwood were the owners of those notes, which constituted $11,248.13 of the indebtedness secured by the mortgage.

At the first meeting of Eldredge's creditors, these notes were proved by Underwood and the bank, against the objection of these petitioners that they were secured by the mortgage, and both respondents were present and made no objections to the proofs.

On June 5, 1879, the assignee advertised for sale the right in equity to redeem the mortgaged estate from said mortgage, representing that the sum of $49,254.93 was due thereon, and upon that representation sold the same to Taft for the sum of $50.

Prior to the sale, the assignee had been informed and knew that the notes proved by Underwood and the bank constituted a portion of the $49,254.93 secured by the mortgage; and the petitioners did not know of the advertising and sale until after the sale had been made.

At the third meeting of the creditors, the assignee presented his account, setting forth the sale, charging himself with the $50 received, and charging, as loss upon the property by reason of the mortgage, $47,193, the difference between the $50 and the appraised value of the property.

The petitioners objected to the allowance of the account, for the reason that the assignee was further chargeable on account of his mismanagement of the estate, in that, by the proving of the secured notes, the lien upon the property under the mortgage had been reduced by the amount of the notes, and that the assignee, by representing at the sale that the sum of $49,254.93 was due, misrepresented the incumbrance, he well knowing that the sum of $38,006.80 only was due upon the mortgage; but, after a hearing, the Court of Insolvency allowed the account.

Eldredge was duly discharged, and the bank and Underwood signed in assent thereto; but the petitioners did not assent thereto. The whole amount of the debts proved was $22,963.67; and the amount of all debts proved by creditors who assented to the discharge, besides the notes of Underwood and the bank, was $9554.43. The estate paid no dividend. The appraised value of the mortgaged property in the assignee's inventory was $47,234. The amount of the petitioners' claim was $194.

*T. H. Armstrong*, for the petitioners.

*T. G. Kent*, for the respondents.

SOULE, J. The respondent Taft was liable as indorser on the notes which he had indorsed, and was entitled to hold his mortgage as security. The holders of the notes, not being the holders of security from the maker, were entitled to prove them against his estate, in insolvency, without first having recourse to the indorsers. *Richardson* v. *City Bank*, 11 Gray, 261. *Meed* v. *Nelson*, 9 Gray, 55. *Agawam Bank* v. *Morris*, 4 Cush. 99. The proof of the notes by the holders did not change the liability of the indorser to them. Only the making and receipt of a dividend would operate in his favor to diminish his liability. There was no estate from which to make a dividend, and he remained after the proof of the notes in precisely the same position as before, while the estate was not injuriously affected by the proof, because no part of it was absorbed by a dividend upon them. Under these circumstances, the holders of the notes having the

right to prove their notes, and the indorser being powerless to prevent such proof except by paying them, and the estate not having been injuriously affected by the proof, and the indorser not having reaped any unfair advantage over unsecured creditors of the insolvent, and there being no fraud on the part of the assignee in his conduct of the affairs of the estate, it would be manifestly inequitable to charge him in his account with upwards of eleven thousand dollars which he never actually received, and which he cannot be regarded, on any principle of law or equity, as having constructively received, or as having lost to the estate of which he has charge. The petition must therefore be

*Dismissed with costs.*